IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. BROSNAN,

    Plaintiff(s),

v.

PITTSBURGH BREWING CO., IRON CITY
LLC, LOU MAGLIOTTA, RANDY SHONKA,
JEFF SIMONOWSKI,

    Defendant(s).

09cv0980
**ELECTRONICALLY FILED**

**ORDER OF COURT GRANTING MOTION TO DISMISS (DOC. NO. 16)**

    This is an action for employment discrimination.  Defendant originally filed a Motion to Dismiss the Original Complaint, and after reviewing the Response to the Motion to Dismiss (doc. no. 9), the Court entered an Order allowing plaintiff an opportunity to amend his complaint by November 16, 2009 (doc. no. 11).  The Court also set due dates for any further motion to dismiss to be filed by November 20, 2009; and plaintiff's response in opposition was due by November 25, 2009 (doc. no. 11).  On November 14, 2009, plaintiff then filed an Amended Complaint (doc. no. 14).  Defendant again filed a Motion to Dismiss the Amended Complaint (doc. no. 16), and to date, plaintiff has filed no response thereto.

    Upon consideration of Defendants' Motion to Dismiss (doc. no. 16) and lack of opposition thereto, despite this Court's order setting forth a due date of November 25, 2009 for any opposition to the Motion to Dismiss (doc. no. 11), it is hereby ORDERED, ADJUDGED, and DECREED that the Amended Complaint be and hereby is Dismissed with Prejudice, because the Amended Complaint (just like the Original Complaint) fails to state a claim upon which relief can be granted as to defendants in that (1) the Bankruptcy Order (Confirmation Order) specifically enjoins the filing of this action (see doc. no. 16-2 and doc. no. 16-3 re: Second Amended Joint Plan of Reorganization) and the United States Court of Appeals for the Third

Circuit has held that this injunction pursuant to Plan Confirmation is effective against an employee's discrimination claims, *Garland v. US Airways, Inc*. 270 Fed. App. 99, 102 (3d Cir. 2008); (2) there is no successor liability for any claims against the former Pittsburgh Brewing Company, *See In re TWA*, 322 F.3d 283, 293 (3d Cir. Del. 2003); (3) since plaintiff is a member of a collective bargaining unit, certain of plaintiff's claims under 43 P.S. § 951 and 42 U.S.C. § 1211 are pre-empted by Section 301 of the Labor Management Relations Act, and there can be no personal liability for claims under the collective bargaining agreement; and (4) as to the individual defendants, they are not the "employer" under the applicable statutes.

The Clerk shall mark the docket closed.

**SO ORDERED** this 9th day of December, 2009.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties